IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MISTY D. MCLAUGHLIN                                         PLAINTIFF

v.                         CIVIL NO. 23-2072

MARTIN J. O'MALLEY,[1] Commissioner
Social Security Administration                                DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Misty D. McLaughlin, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed her current application for SSI on January 3, 2020, alleging an inability to work due to post-traumatic stress disorder, manic depression, bipolar disorder, degenerative disc disease, left arm nerve damage and scoliosis. (Tr. 47, 195). An administrative telephonic hearing was held on June 30, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 14-44). By written decision dated August 3, 2021, the ALJ found Plaintiff maintained

---

[1] Martin J. O'Malley, has been appointed to serve as Commissioner of Social Security Administration and is substituted as Defendant pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

the RFC to perform sedentary work with limitations.[2] (Tr. 92-106). On August 20, 2021, Plaintiff requested a review of the hearing decision by the Appeals Council, who granted Plaintiff's request for review on January 12, 2023. (Tr. 187, 190).

On March 29, 2023, after reviewing additional evidence submitted by Plaintiff, the Appeals Council adopted the ALJ's statements regarding the pertinent provisions of the Act, the issues in the case and the evidentiary facts; and the ALJ's findings and conclusions regarding whether Plaintiff was disabled during the time period in question. (Tr. 4). Specifically, the Appeals Council found Plaintiff had the following severe impairments: thoracic spine disc herniation with Schmorl's nodule, asthma, depression, anxiety, post-traumatic stress disorder, and personality disorder with borderline traits. (Tr. 5). After reviewing the evidence presented, the Appeals Council determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. *Id*. The Appeals Council found Plaintiff retained the residual functional capacity (RFC) to perform:

> [S]edentary work, as defined in 20 CFR 416.967(a), except the claimant is limited to occasional stooping, crouching, and bilateral overhead reaching, and frequent left fingering. The claimant is further limited to no concentrated exposure to dust, fumes, or other pulmonary irritants, and no extreme heat. The claimant is limited to performing simple, routine, repetitive tasks with few variables and little judgment required. The claimant requires supervision that is simple, direct, and concrete, and social interaction that is incidental to the work performed.

*Id*. The Appeals Council determined Plaintiff could perform work as a document preparer, an addresser, and a stuffer. *Id*.

---

[2] Plaintiff, through her counsel, requested that the ALJ reopen a prior determination. (Tr. 20, 326). The ALJ found the request timely and indicated that the hearing decision considered all evidence since the previous application dated April 25, 2019. (Tr. 92).

2

Subsequently, Plaintiff filed this action. (ECF No. 3). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (ECF Nos. 9, 11). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.     Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or

3

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *Id*.

## III. Discussion:

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. (ECF No. 9). Plaintiff raises the following issues on appeal: A) The ALJ erred in failing to fully and fairly develop the record; B) The ALJ erred in assessing the credibility of Plaintiff's subjective complaints; and C) The ALJ erred in determining Plaintiff's RFC.

### A. Duty to Develop the Record:

The ALJ has the duty to fully and fairly develop the record even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations is stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177, 179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical

4

examinations and tests if the medical records presented do not provide sufficient medical evidence to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but she must also show that she was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff claims that the ALJ erred by failing to fully and fairly develop the medical record regarding Plaintiff's alleged impairments and should have required additional consultative evaluations. (ECF No. 9. pp. 4-7). Defendant argues substantial evidence shows the ALJ met her duty to fully and fairly develop the record. (ECF No. 11, pp. 1-7).

Initially, the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of her limitations and impairments. *See Barrett v. Shalala,* 38 F.3d 1019 at 1023. While the ALJ has an independent duty to develop the record in a social security disability hearing, the ALJ is not required "to seek additional clarifying statements from a treating physician unless a crucial issue is undeveloped." *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

Likewise, the ALJ is not required to order a consultative evaluation of every alleged impairment; she simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989). Thus, the proper inquiry for this Court is not whether a consultative examination should

5

have been ordered; rather, it is whether the record contained sufficient evidence for the ALJ to make an informed decision. *See Id*.

After reviewing the entire administrative record, the Court finds nothing which establishes the record was inadequate for the ALJ to make her decision. Plaintiff argues there is no opinion evidence to support the ALJ's finding with respect to reaching overhead with her left upper extremity because the ALJ found the opinion of Dr. Jim Takach, the non-examining medical consultant, unpersuasive. (ECF No. 9, p. 4). A review of the record revealed that on December 14, 2020, after reviewing the medical evidence, Dr. Takach completed a RFC assessment opining that Plaintiff could occasionally lift or carry twenty pounds, frequently lift or carry ten pounds; could stand and/or walk about six hours in an eight-hour workday; could sit about six hours in an eight-hour workday; could push and/or pull but was limited to occasional use with the left upper extremity and frequent use of left hand controls; could occasionally stoop and crouch; could occasionally reach overheard bilaterally; could frequently use her left hand for fine dexterity; and that visual, communicative and environmental limitations were not evident. (Tr. 79-81). In finding Dr. Takach's opinion unpersuasive, the ALJ stated the medical evidence dated after December of 2020, supported a more restrictive exertional limitation - sedentary instead of light- as well as environmental limits which were included in the RFC determination. However, the ALJ also included all upper extremity limitations found by Dr. Takach as she determined they were supported by the record.

With respect to Plaintiff's mental capabilities, Plaintiff argues that Dr. Steve A. Shry's consultative mental diagnostic evaluation is internally inconsistent and that the ALJ should have recontacted Dr. Shry or ordered an additional consultative evaluation. (ECF No. 9, p.6). A review

6

of the record revealed Dr. Shry conducted a consultative mental diagnostic evaluation on August 14, 2020, and observed the following:

> Claimant appears to be functioning within the Low Above Average Range intellectually. Claimant is single and has children in DHS custody. She has a 12th grade education without a history of special education classes. She reports a work history and stopped working in 2018. She does have a driver's license. She denied a history of inpatient treatment, however reported current outpatient treatment. She is on psychiatric medication. She reports she has been demonstrating symptoms that have worsened over the last 12 months of crying, depression, social anxiety, racing thoughts, feelings of panic, nightmares, startle responses, fearful of driving, avoids people, social isolation, and environmental stress. She appears to meet the diagnostic criteria for Post Traumatic Stress Disorder, as defined by the DSM-5. Claimant denied significant mental difficulties attending to daily adaptive functioning…

(Tr. 646). Dr. Shry further noted Plaintiff reported the ability to take care of her personal hygiene independently and to manage her own shopping without assistance but noted physical limitations with performing household chores and experiencing anxiousness in crowds of people. Dr. Shry opined Plaintiff was able to communicate and interact in a socially adequate manner; to cope with the typical demands of basic work like tasks; to attend well, noting some impaired ability to attend and sustain concentration on tasks at times; and to complete work like tasks within acceptable time frames. Dr. Shry noted Plaintiff did not tolerate frustration well and became tense and anxious when sirens blasted by the office. Even if the Court determined, which it does not, Dr. Shry's evaluation findings were internally inconsistent, the record also consists of Plaintiffs mental health treatment records and a non-examining medical consultant's December 2020 assessment completed by Dr. Abesie Kelly. (Tr. 74-85). After reviewing the evidence of record, to include Dr. Shry's evaluation, Dr. Kelly opined Plaintiff retained:

> [T]he capacity for work where interpersonal contact is incidental to work performed, e.g. assembly work; complexity of tasks is learned and performed by rote, few variables, little judgment; supervision required is simple, direct and concrete.

(Tr. 77). After reviewing the record, the Court finds that the medical evidence - to include treating physician records, non-examining and examining medical consultant opinions, individual therapy notes, diagnostic evaluations, and objective testing - provided an adequate record for the ALJ's decision.

Further, Plaintiff must show not only that the ALJ failed to fully and fairly develop the record, but that she was prejudiced or treated unfairly by the ALJ's alleged failure to develop the record. Plaintiff has not set forth any evidence showing that had the ALJ required additional consultative examinations, the ALJ would have arrived at a different decision. Accordingly, Plaintiff has failed to demonstrate that the record was not fully developed or that she was prejudiced by any perceived failure to develop the record.

**B.     Subjective Allegations:**

Plaintiff claims the ALJ erred in evaluating her subjective allegations of disability. (ECF No. 9, p. 7). In assessing the subjective allegations of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), or from 20 C. F. R. §416.929. *See Shultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski*, 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective allegations of pain. *See Id*. The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective allegations. *See Lowe v. Apfel*, 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the claimant's subjective

allegations are not entirely valid, the ALJ's determination is entitled to deference. *See Id.*; *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount a claimant's subjective allegations "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski*, 739 F.2d at 1322.

When discounting a claimant's allegation of pain, the ALJ must make a specific evaluation of a claimant's subjective allegations, articulating the reason for discrediting the testimony, addressing inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel*, 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a claimant disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a claimant experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski* in her evaluation of Plaintiff's subjective complaints. (Tr. 94-104). The ALJ's opinion outlines Plaintiff's subjective allegations and noted inconsistencies between those allegations and the record. *Id*. The ALJ also noted Plaintiff's daily activities and set forth the reasons for finding them not as limiting as described by Plaintiff. *Id*. Furthermore, the ALJ carefully summarized Plaintiff's medical records and noted how she was receiving medication therapy and individual mental health counseling with some improvement in her symptoms. *Bernard v. Colvin*, 774 F.3d 482, 488 (8th Cir. 2014) (an impairment that is "controllable or amenable to treatment [does] not support a finding of total disability") (internal quotation omitted). A review of the ALJ's decision reveals that she properly supported her findings regarding Plaintiff's subjective statements based on the medical and other evidence in the record. Based upon the Court's review of the record, there is no basis for reversal on this issue.

9

### C. RFC Determination:

In this matter, the ALJ determined Plaintiff retained the RFC to perform sedentary work with limitations. (Tr. 97). Plaintiff argues the ALJ erred in this RFC determination. (ECF No. 9, p. 10). However, after review, the Court finds substantial evidence supporting the ALJ's RFC determination.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Cox v. Astrue,* 495 F.3d 614, 619 (8th Cir. 2007). However, there is no requirement that an RFC finding be supported by a specific medical opinion. *See Myers v. Colvin*, 721 F.3d 521, 526-27 (8th Cir. 2013) (affirming RFC without medical opinion evidence). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel*, 228 F.3d 860, 862 (8th Cir. 2000).

Based upon this standard and a review of Plaintiff's records and allegations in this case, the Court cannot find Plaintiff has demonstrated having any greater limitations than those found by the ALJ. The ALJ provided a thorough summary of Plaintiff's medical records and subjective complaints in this matter. The ALJ addressed evidence that revealed Plaintiff was able to perform personal grooming tasks, noting difficulty with her lack of arm strength; to do her laundry and light housekeeping chores; to socialize by talking on her phone, texting and video chatting; to make bonfires with others three times a month; to shop for items; and to see her minor children, who live with their grandparent, and to help them with their homework. The mere fact that Plaintiff suffers from several impairments does not demonstrate she has more limitations than those found in the RFC assessment above. In her opinion, the ALJ considered Plaintiff's alleged impairments and discounted those she found were not credible. The ALJ considered the results of objective diagnostic tests, examination findings, and therapy notes, and discussed these in the decision. The ALJ also considered the findings of medical consultants and considered Plaintiff's testimony and function reports in assessing the RFC. While Plaintiff argues the ALJ failed to address Plaintiff's hospitalization in 2020 due to her post-traumatic stress disorder, a review of the evidence cited by Plaintiff indicates that Plaintiff was treated for out-patient therapy at Quapaw House (not in-patient treatment), and the ALJ addressed this evidence in the hearing decision. (Tr. 528, 644).

Plaintiff has the burden of establishing her claimed RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). Because Plaintiff has not met this burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**IV.     Conclusion:**

Based on the foregoing, the undersigned recommends affirming the ALJ's decision, and dismissing Plaintiff's case with prejudice.  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of March 2024.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE